IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-352-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $50,613.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon plaintiff's motions for entry of default (DE 18) and to stay discovery (DE 19). Plaintiff has briefed the motions fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motions are granted.

### BACKGROUND

Plaintiff began this civil forfeiture action by filing complaint in this court June 27, 2023. Plaintiff seeks the forfeiture of $50,613.00 in United States currency seized from claimant. Plaintiff filed a declaration from a DEA agent detailing the factual basis underlying the government's belief that the currency at issue is the proceeds of criminal activity.

Claimant filed two verified claims for the seized currency: one September 1, 2023, and a second September 28, 2023. Claimant filed a few additional claim documents in October 2023, but filed nothing else before docketing a short letter contesting the factual allegations in the complaint on December 11, 2023. Plaintiff filed the instant motions for entry of default and to stay discovery November 20, 2023.

1

## COURT'S DISCUSSION

A.     Standard of Review

Federal Rule of Civil Procedure 55 requires the entry of default upon request when a party against whom a judgment for relief is sought has failed to plead or defend, and such failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a).

B.     Analysis

Forfeiture actions in rem are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G establishes procedures for these cases. See Fed. R. Civ. P. Supp. R. G. Rule G requires a claimant to property to file a claim stating certain facts, and to file an answer to the complaint within 21 days from the filing of a claim. See id. R. G(5).

The only issue relevant to plaintiff's motion for entry of default is whether the untitled document claimant filed December 11, 2023, constitutes an answer within the meaning of Rule 55. The court concludes that it possibly could be so construed, but that entry of default is nonetheless proper on grounds of untimeliness.

In this case, claimant presented claims September 1 and 28, 2023. (See Verified Claim (DE 6); Verified Claim (DE 8)). Claimant then submitted the untitled document December 11, 2023, contesting the facts of plaintiff's complaint. (See DE 20). In light of claimant's pro se status, the court will assume without deciding that this document constitutes an answer within the rules' meaning, because it disputes the complaint's facts. No other party has filed a claim or an answer.

However, 21 days after September 28, 2023 was October 19, 2023. Claimant therefore untimely filed his answer more than 21 days after his second claim. Although pro se filings should

be construed liberally, pro se status does not shield a litigant from the Rules of Civil Procedure, or from consequences for failure to follow them. See McNeil v. United States, 508 U.S. 106, 113 (1993); United States v. Real Prop. Located at 14301 Gateway Blvd. W., El Paso Cnty. Tex., 123 F.3d 312, 313–14 (5th Cir. 1997) (affirming district court's striking of untimely-filed answer from pro se litigant in forfeiture case).

Rule G(5) requires both a claim and an answer within specified timeframes. See Fed. R. Civ. P. Supp. R. G. Although the United States Court of Appeals for the Fourth Circuit has not squarely addressed the issue, courts addressing it have strictly enforced this rule such that a failure to file either a claim or an answer as mandated by the rule justifies an entry of default. See United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) (collecting cases); see, e.g., United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 598 (7th Cir. 2000); United States v. Ford 250 Pickup VIN No. 1FTHX26M1LKA69552, 980 F.2d 1242, 1245 (8th Cir. 1992); United States v. Approximately $60,110.00 in United States Currency, No. 3:19-cv-635, 2020 WL 9065811, at *1 (W.D.N.C. May 20, 2020); United States v. $36,110.00 in U.S. Currency, No. 4:08-cv-29, 2010 WL 6065117, at *2 (D.S.C. Dec. 17, 2010); United States v. 328 Pounds, More or Less, of Wild American Ginseng, 347 F. Supp. 2d 241, 248–49 (W.D.N.C. 2004); see also United States v. Certain Real Property & Premises Known as 218 Panther St., Newfoundland, Pa., 745 F. Supp. 118, 120 (E.D.N.Y. 1990); United States v. $288,914 in U.S. Currency, 722 F. Supp. 267, 270–71 (E.D. La. 1989).

Claimant failed to timely file an answer, and therefore has failed to comply with Rule G. Entry of default is proper. See, e.g., Ford 250 Pickup, 980 F.2d at 1245; Wild American Ginseng, 347 F. Supp. 2d at 248–49.

In these circumstances, a stay of discovery is also appropriate. Plaintiff's motion to stay discovery is therefore also granted.

## CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default is GRANTED. Plaintiff's motion to stay discovery is GRANTED, and discovery and all discovery deadlines hereby are STAYED. The clerk is DIRECTED to enter default against defendant.

SO ORDERED, this the 6th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge