IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CV-352-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFAULT JUDGMENT** |
| v. ) | **OF FORFEITURE** |
| ) | |
| $50,613.00 IN U.S. CURRENCY, ) | **(FED. R. CIV. P. 55(b))** |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff United States of America's Motion for Default Judgment against the Defendant $50,613.00 in U.S. Currency. It appears from the record that Plaintiff provided direct notice of this *in rem* forfeiture matter to known claimants and separately published the requisite notice on an official internet government forfeiture site in accordance with Supplemental Rule G(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture (the "Supplemental Rules"). Accordingly, with due notice having been provided by the United States as required under the Supplemental Rules, the Court finds that:

1. Process was duly issued in this cause and the Defendant was duly served by the United States Marshals Service pursuant to said process;

2. Mahmoud Majed Abuillan filed a claim but failed to file an answer within 21 days thereof, and no other party has timely filed a claim to the Defendant or answer to the Plaintiff's Complaint. Therefore, no proper responsive pleading to the Complaint was ever filed with this court within the time fixed by law and in

accordance with the requirements of the Supplemental Rules, *see United States v. $36,110.00 in U.S. Currency*, No. 4:08-CV-29, 2010 WL 6065117, at *2 (D.S.C. Dec. 17, 2010) (report and recommendation), *approved and adopted*, 2011 WL 884168 (Mar. 14, 2011);

3. On February 6, 2024, this Court entered Default in this action at Docket Entry 22;[1] and

4. The well-pled allegations of the Complaint with respect to the Defendant is taken as admitted, as no one has denied the same.

Based upon the above findings, it is hereby

ORDERED AND ADJUDGED that:

1. Default judgment be and the same is hereby entered against the Defendant $50,613.00 in U.S. Currency;

2. All persons claiming any right, title, or interest in or to the said Defendant are held in Default;

3. The Defendant is forfeited to the United States of America for disposition according to law;

4. The United States shall have clear title to the Defendant and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7); and

5. Upon the entry of this judgment, the Clerk of Court is DIRECTED to close this case.

---

FN 1: The clerk inadvertently entered default in the form of a judgment at docket entry 22. The clerk is DIRECTED to correct the text of docket entry 22 to reflect that it constitutes the clerk's entry of default, and the court treats docket entry 22 as entry of default only.

SO ORDERED this 20th day of February, 2024.

_____
LOUISE WOOD FLANAGAN
UNITED STATES DISTRICT JUDGE

3